SUMMARY ORDER
Builder MT appeals from the district court’s dismissal of its counterclaim for attorneys’ fees and costs from plaintiffs-appellees (collectively, “Holiday”), by oral ruling on April 28, 2008, prior to trial, and the district court’s denial of Builder MT’s post-trial motion for the same relief by *372 order dated June 5, 2008. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
We will not “infer a party’s intention to waive the benefit” of the American “rule that parties are responsible for their own attorneys’ fees ... unless the intention to do so is unmistakably dear from the language of the promise.” U.S. Fidelity and Guar. Co. v. Braspetro Oil Servs. Co., 369 F.3d 34, 75 (2d Cir.2004) (quotation marks and alterations omitted; emphasis in original). Because the party seeking attorneys’ fees “bear[s] the heavy burden of persuading [the court] to depart from the American Rule,” an award of fees is improper even when a clause is “susceptible to two, equally valid interpretations.” Id. at 77-78. Based on this rule, we reject Builder MT’s argument that the district court’s conclusion that the attorneys’ fees clause was “ambiguous” required it to submit the issue to the jury. Builder MT presented no extrinsic evidence in support of its interpretation of the clause.
The agreement at issue here allows for an award of attorneys’ fees to Builder MT “[i]n the event that suit or action is instituted to enforce any of [Holiday’s] obligations under this Agreement.” Builder MT argues that, although it did not bring this suit, its motions to enforce various provisions of the agreement entitle it to attorneys’ fees. We do not agree that it is “unmistakably clear” that the term “suit or action to enforce any of Purchaser’s obligations” would include a motion raising a defense to a suit instituted by the Purchaser. See SEC v. McCarthy, 322 F.3d 650, 657 (9th Cir.2003).
Builder MT also argues that it brought a counterclaim that would qualify as an “action.” Builder MT’s counterclaim sought attorneys’ fees based on Holiday’s alleged breach of the agreement’s bar on consequential damages. We agree with Holiday that the provision of the agreement barring consequential damages does not create any “obligation” barring Holiday from bringing suit for consequential damages; rather, it is an exculpatory clause limiting Builder MT’s liability. Thus, any alleged breach of this provision would not give rise to a claim for attorneys’ fees. In light of the foregoing, we conclude that the district court did not err in concluding that Builder MT’s counterclaim for attorneys’ fees is not the type of action or suit encompassed by the language of the agreement.
We have considered Builder MT’s remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.